**Opinion filed March 14, 2013**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00019-CR & 11-13-00020-CR

_____

### GUY NELSON MONTGOMERY, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause Nos. 10990 & 10991**

### M E M O R A N D U M   O P I N I O N

The trial court entered two judgments revoking the community supervision of Guy Nelson Montgomery, Appellant, based upon his plea of true to the motions to revoke. We dismiss the appeals.

The clerk's records indicate that Appellant's sentences were imposed on December 18, 2012, and that no motion for new trial was filed. Appellant's notices of appeal were filed in the district clerk's office on January 18, 2013, thirty-one days after the date sentence was imposed in each case. Upon receiving the clerk's records, this court noted that neither contained a timely filed notice of appeal. By letter dated February 15, 2013, this court notified the parties that the

notices of appeal appeared to be untimely. We requested that Appellant respond and show grounds for continuing these appeals. We also informed Appellant that the appeals may be dismissed for want of jurisdiction.

Appellant filed a response urging that the notices of appeal were timely based upon the date the judgments were signed and entered. The trial court signed the judgments on December 20, 2012, and they were filed for record on January 2, 2013. The same contention made by Appellant was made and rejected in *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993), where Rodarte, like Appellant in this case, filed his notice of appeal thirty-one days after sentencing but within thirty days of the date that the judgment was signed.

Pursuant to TEX. R. APP. P. 26.2(a)(1), a notice of appeal "must be filed" within thirty days "after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order." In *Rodarte*, the Court of Criminal Appeals interpreted the former version of this rule and held that the starting point for an appeal from a judgment of conviction is the date sentence is imposed or suspended in open court and that the starting point for other criminal appeals is the date that the order is signed. 860 S.W.2d at 109–10. Appellant's notices of appeal were not filed until thirty-one days after his sentences were imposed and were, therefore, untimely. Appellant did not file a motion for extension of time as provided for in TEX. R. APP. P. 26.3. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte*, 860 S.W.2d 108. Because we have no jurisdiction, we must dismiss the appeals.

These appeals are dismissed for want of jurisdiction.

PER CURIAM

March 14, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2